IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL ANTHONY DAILEY,

    Plaintiff(s),

v.        No. CIV 08-0538 MCA/LFG

ROBERT ULIBARRI, WARDEN,
JAMES LECHALK GRIEVANCE OFFICER,
GILBERT GARCIA, CLASSIFICATION
BEREAUO [sic] CHIEF, NMCD,
ELMER BUSTOS DIRECTOR OF ADULT PRISONS,
JAMES THOMAS UNIT MANAGER,
LEROY W. THOMPSON UNIT MANAGER,
JONI BROWN, WARDEN, PNM,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.

Ct. 1955, 1974 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint consists of fourteen Counts. In summary, Plaintiff alleges that he was denied proper medical treatment for serious medical conditions. He was placed in indefinite involuntary protective custody, in part because of his medical condition, rather than being transferred out of state. When Plaintiff was finally transferred pursuant to a state court order, deductions were wrongly taken from his inmate trust account, although these deductions were ultimately credited back to his account.

Plaintiff's allegations do not support a claim against Defendant LeChalk. The complaint's only allegation against LeChalk is that he denied Plaintiff's grievances. Generally, of course, a plaintiff's dissatisfaction with grievance procedures does not give rise to a constitutional claim. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (quotation omitted); *Murray v. Albany County Bd. of County Comm'rs*, No. 99-8025, 2000 WL 472842, at **2 (10th Cir. Apr. 20, 2000). The Court will dismiss Plaintiff's claims against Defendant LeChalk.

Nor is relief available on Plaintiff's allegations of wrongful deductions from his inmate account. The resolution of this claim is governed by the Supreme Court's holdings in *Parratt v. Taylor*, 451 U.S. 527, 538-39 (1981), and *Hudson v. Palmer*, 468 U.S. 517, 534 (1984), which addressed the elements necessary to sustain a claim that the state has deprived an inmate of property without due process. In *Parratt* and *Hudson*, the Supreme Court held that where a pre-deprivation hearing was impossible or impractical because the state could not control the random actions of state employees in losing or destroying property, the deprivation was not complete until the State failed or refused to provide an adequate post-deprivation remedy. Here, as in *Hudson*, 468 U.S. at 534,

state tort remedies were and are available to redress the deprivation, and thus due process was not violated even if the deprivation was intentional. The Court will dismiss this claim.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendant LeChalk are DISMISSED with prejudice, and Defendant LeChalk is DISMISSED as a party to this action;

IT IS FURTHER ORDERED that Plaintiff's claim for deprivation of property without due process is DISMISSED with prejudice;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms for Defendants Ulibarri, Garcia, Bustos, Thomas, Thompson, and Brown.

SO ORDERED this 21st day of October, 2008.

_____
M. CHRISTINA ARMIJO
United States District Judge