IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL ANTHONY DAILEY,

       Plaintiff,

  vs.                                                  No. CIV 08-538 MCA/LFG

ROBERT ULIBARRI, GILBERT GARCIA,
ELMER BUSTOS, JAMES THOMAS,
LEROY W. THOMPSON, and JONI BROWN,

       Defendants.

## ORDER DENYING PLAINTIFF'S
## MOTION FOR APPOINTMENT OF COUNSEL

THIS MATTER comes before the Court on Plaintiff's Motion for Appointment of Counsel [Doc. 29], filed July 27, 2009. No response is necessary. For the reasons given below, the motion is denied.

Plaintiff Michael Anthony Dailey ("Dailey") filed a 42 U.S.C. § 1983 Complaint against multiple Defendants, alleging various civil rights violations while he was incarcerated. He was granted *in forma pauperis* status. [Doc. 4]. Certain claims and Defendants were dismissed from the action and after the remaining Defendants filed their Answer, the Court ordered Defendants to submit a Martinez Report. The Report [Doc. 20] was filed on April 24, 2009, and Dailey was given an extension of time within which to file his Response, now due on August 10, 2009. [*See* Doc. 23].

Dailey now asks the Court to for a "state appointed attorney" to help him with the case. A prisoner filing a § 1983 civil rights complaint does not have a right to appointed counsel. Rather, the burden is on Plaintiff to convince the Court that his claim has merit and that his case is one of those "extreme cases" where lack of counsel will result in fundamental unfairness. Steffey v. Orman, 461 F.3d 1218, 1223 (10th Cir. 2006).

> It is not enough that having counsel appointed would have assisted
> the prisoner in presenting his strongest possible case, as the same

>   could be said in any case . . . . In evaluating a prisoner's request for appointed counsel, the court should consider the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims.

Id., at 1223-24 (internal punctuation and citations omitted).

Counsel will not be appointed where the plaintiff's complaint and pleadings adequately present the factual and legal basis of the action and demonstrate that Plaintiff understands the basics of his constitutional and other claims. Id..

Having reviewed Dailey's Complaint in light of the foregoing factors, the Court finds that he understands the issues in the case and appears to be representing himself in an intelligent and capable manner.

IT IS THEREFORE ORDERED that the Plaintiff's Motion for Appointment of Counsel [Doc. 29] is denied.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge