IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL ANTHONY DAILEY,

        Plaintiff,

  vs.                                                  No. CIV 08-538 MCA/LFG

ROBERT ULIBARRI, GILBERT GARCIA,
ELMER BUSTOS, JAMES THOMAS,
LEROY W. THOMPSON, and JONI BROWN,

        Defendants.

**ORDER DENYING PLAINTIFF'S MOTION REQUESTING
A COMPLETE COPY OF THE SUPPLEMENTAL MARTINEZ REPORT**

THIS MATTER comes before the Court on Plaintiff's "Motion Requesting a Complete copy of the Defendant's Court Ordered Supplement to Filed <u>Martinez</u> Report" [Doc. 43], filed October 7, 2009. Defendants filed a Response [Doc. 44] on October 21, 2009. No Reply is necessary.

Dailey asks the Court to order Defendants to send him "a copy of the entire court ordered Supplement to Filed <u>Martinez</u> Report," on grounds that Defendant's counsel did not send him "a full complete copy," and the copy he received was "copyed [sic] on front side and back where the plaintiff does not understand what pages goes with a particular affidavit." [Doc. 43, at 1].

In their Response, Defendants state that on September 4, 2009 they mailed a complete copy of the Supplemental <u>Martinez</u> Report, along with its attachments, in one piece to Dailey at his then-current mailing address at the Central New Mexico Correctional Facility ("CNMCF") in Los Lunas. This document was labeled "Legal Mail" and was sent via first class, through the U.S. Postal Service. Defendants further state that they mailed a separate piece of legal mail to Dailey on the same date.

Defendants supply with their Response the affidavit of CNMCF mailroom clerk Angel Salazar, who states under oath that he is required to enter into the mailroom log a record of each piece of legal mail, and that all inmates are required to sign into the log for their legal mail before

it is delivered to them. [Doc. 44, Ex. 14]. Mr. Salazar testifies further that two entries in the mailroom log indicate that, on September 8, 2009, Dailey signed for and received two pieces of legal mail, both coming from the Office of General Counsel for the Department of Corrections in Santa Fe. Mr. Salazar attaches to his affidavit a copy of the mailroom log, which shows that Dailey signed for two pieces of legal mail from the Corrections Department on September 8, 2009.

Dailey does not allege that he never received a copy of the Supplemental Martinez report. Rather, he states he did not receive a complete copy. He also states that because the document he received was copied front-and-back, he is having trouble sorting it out.

Dailey has a history in this litigation of applying to the Court for assistance with his mail. At one point in the litigation, Dailey asserted that his copy of Defendants' original Martinez report was misdirected and arrived in a torn envelope, and he thought some pages were missing. The Court therefore directed the Defendants to mail him another copy of the report, a substantial burden given the report's length, over 700 pages.

Later, Dailey asked the Court in an "Emergency Motion" to order prison officials to stop interfering with his legal mail. The Court declined to do this, finding that Dailey's method of communicating with the Court through his mother was not in keeping with Court rules, and that prison officials had legitimate reasons for treating his mail in the manner they did. In its Order Denying Plaintiff's Emergency Motion [Doc. 39], the Court advised Dailey that the federal courts do not function as complaint bureaus, but rather the Court sits in this case to determine whether Dailey's constitutional rights were violated. [Doc. 39, at 5-6].

Dailey now asks the Court to order Defendants to send him another copy of the supplemental Martinez report, a document of over 150 pages with attachments. Although he asserts that he did not receive a complete copy, Defendants state that they mailed the document to him in one piece, and prison records indicate that he received it and signed for it. His major complaint seems to be that Defendants copied the document on both sides of a sheet of paper. The Court finds this method of copying commendable. It conserves resources and prevents unnecessary expense of taxpayer

money, particularly in light of the fact that Defendants had to mail the original 700-page <u>Martinez</u> report twice. The Court finds that Dailey's motion, asking the Court to order Defendants to send him the supplemental report again, this time copied in the manner he prefers, borders on the frivolous.

This case is not a game. It raises important constitutional issues, which the Court will be better able to deal with and resolve if it not distracted by one party's attempt to use limited judicial resources simply to tweak the nose of the other party. The Court finds that Dailey received the supplemental <u>Martinez</u> report, as evidenced by his own signature, and Defendants need not take any further action. If Dailey wishes to file a response to the supplemental report, he must do so on or before November 4, 2009, as directed in the Court's Order granting Dailey's second request for an extension of time to respond. [Doc. 42].

The parties are again advised that the materials submitted in response to the Court's orders regarding <u>Martinez</u> reports and supplements thereto may be used in determining whether summary judgment is appropriate in this case. <u>Hall v. Bellmon</u>, 935 F.2d 1106 (10th Cir. 1991).

IT IS THEREFORE ORDERED that Plaintiff's Motion Requesting a Complete Copy of the Defendant's Court Ordered Supplement to Filed Martinez Report [Doc. 43] is denied.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge